**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John King, as personal representative of the estate of Patricia King,<br><br>Plaintiff,<br><br>v.<br><br>Novartis Pharmaceuticals Corporation,<br><br>Defendant. | No. CV-07-00018-PHX-DGC<br><br>**ORDER** |

Plaintiff John King, the personal representative of the estate of Patricia King, has filed a motion to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a). Doc. 31. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.    Background.**

This case was filed in January 2007 and arose out of Defendant's manufacture of two drugs, Aredia and Zometa, which are classified as bisphosphonates. Doc. 31 at 1. These drugs can cause a condition known as "Bisphosphonate Related/Induced Osteonecrosis of the Jaws" ("BRONJ"). *Id.* Plaintiff alleges that injections of "Aredia and/ or Zometa" caused his wife to develop BRONJ. *Id.* at 3-5. This case was transferred to the Middle District of Tennessee as part of a multidistrict litigation in March 2007. Doc. 9. The case was returned to this Court in January 2014. Doc. 10. Plaintiff now seeks to transfer the case to the Central District of California.

## II.     Legal Standard.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court may consider several factors, including the plaintiff's choice of forum, the extent of the parties' contacts with the forum, the contacts in the forum relating to the plaintiff's cause of action, the availability of non-party witnesses, and the accessibility of evidence. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Courts may also consider the parties' contacts with the two forums, the contacts relating to Plaintiff's claims in the chosen forum, the location where relevant agreements were negotiated and signed, the availability of compulsory process to compel non-party witness attendance, the effect of transfer on the availability of witnesses and their live testimony at trial, the ease of access to sources of proof, the state that is most familiar with the governing law, and the differences in the costs of litigation in the two forums. *Id.* at 498-99.

## III.    Analysis.

### A.     Initial Considerations.

Defendant argues that Plaintiff must show a change in circumstances in order to transfer the case away from the original forum. Doc. 32 at 3. Defendant cites no binding authority for this proposition and instead presents a handful of unpublished district court cases, only one of which is from within the Ninth Circuit. The Court need not decide whether to apply this law, however, because a number of circumstances have changed since this action was filed. Most importantly, the original Plaintiff has passed away and a new Plaintiff has entered the case. In addition, seven years have elapsed, during which the case was transferred to the Middle District of Tennessee and substantial pretrial litigation has been completed. Circumstances in the case are clearly different than they were when the original plaintiff chose this forum.

The Court must also determine whether this action "might have been brought" in the Central District of California. 28 U.S.C. § 1404(a). Venue is proper in "a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). Plaintiff argues that Mrs. King received some 42 injections of Zometa between 2002 and 2005 from Dr. William Lawler in Fullerton, California. Doc. 31 at 3. Defendant does not dispute these facts. This is sufficient for the Court to conclude that venue would have been proper in California as required for a transfer under section 1404(a).

### B. Convenience of the Parties and Witnesses.

Plaintiff argues that although he still lives in Arizona, he is "ready, willing, and able to conduct this trial in California[.]" Doc. 31 at 9. Defendant does not contend that litigating this case in California would be less convenient than Arizona.

Plaintiff further argues the majority of the witnesses that are relevant to this case live in California. *Id.* at 4. Plaintiff identifies eight doctors and dentists who treated Mrs. King, both before and after she began taking Zometa, and asserts that all but one, Dr. Wasserman, live and work in California. *Id.* Defendant argues that Dr. Wasserman, who allegedly continued administering injections of Zometa to Mrs. King after she moved to Arizona, is a key witness and notes that it would be unable to compel Dr. Wasserman's testimony if the case were transferred. Doc. 32 at 6-7. Although Defendant is correct, the opposite problem would exist with respect to seven doctors if the case remained here, and Plaintiff notes that Dr. Wasserman has been deposed in this action. Doc. 34 at 2.

Defendant argues that Plaintiff and Mrs. King's son are both potential witnesses who reside in Arizona. Doc. 32 at 7. Plaintiff has stated his willingness to litigate this case in California and has indicated that Mrs. King's son will be made available for a deposition. Doc. 34 at 2.

On balance, the Court concludes that California would likely be a more convenient forum for medical witnesses and treatment records. The Court also concludes that California would not impose any additional inconvenience on Defendant.[1]

---

[1] Defendant argues that "a party filing a venue transfer motion is required to demonstrate, 'through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include.'" Doc. 32 at 5

- 3 -

### C. Interests of Justice.

Neither party contends that litigating this case would be any more or any less expensive in California.

Although the parties appear to disagree on what law would apply, neither cites any authority for their assertions that either Arizona or California law would apply. This factor appears neutral.

The parties disagree on whether Arizona or California has a stronger interest in this lawsuit. Plaintiff does not dispute that Arizona has a strong interest in providing redress for its residents, *see Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984), but argues that California also has a significant interest because nearly all of Mrs. King's Zometa injections occurred there, as did most of her dental work to remedy the effects of BRONJ. Defendant does not dispute these facts. Doc. 31 at 14. This factor slightly favors Arizona.

Defendant argues that Plaintiff is engaging in forum shopping and cites *D'Agnese v. Novartis Pharmaceuticals Corporation*, 952 F. Supp. 2d. 880 (D. Ariz. 2013), which granted summary judgment for Defendant, as a result Plaintiff is trying to avoid. Doc. 32 at 2. But the *D'Agnese* case is not binding on this Court. True, it may be persuasive, but it also may be persuasive for a federal judge in California. Plaintiff will not avoid the potentially persuasive result in *D'Agnese* by transferring the case.

The Court is mindful of concerns that motions to transfer by plaintiffs should be rarely granted in order to prevent forum shopping. But this case is not one where a plaintiff has become dissatisfied with his choice of forum and seeks a more favorable setting in which to assert his claims. Plaintiff did not file this case in Arizona, his late

---

(citing *Koval v. United States*, No. 13-CV-1630-HRH, 2013 WL 6385595, at *2 n.16 (D. Ariz. Dec. 6, 2013). As support for this conclusion, *Koval* cites *Adoma v. University of Phoenix*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010), which in turn cites *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465 (E.D. Cal. 1994). *See Koval*, 2013 WL 6385595, at *2 n.16. The *E & J Gallo* case cites a California practice guide and a Seventh Circuit case as support. 899 F. Supp. at 466-67. The Court is not persuaded that it should deny Plaintiff's motions for want of an affidavit when the key facts are not in dispute.

- 4 -

wife did. What is more, the vast majority of the Zometa injections occurred in California; a majority of the witnesses and evidence are located there; Plaintiff and Mrs. King were residents of California for many years; Defendant is subject to personal jurisdiction in California; it would be no more inconvenient for Defendant to defend this litigation in California than in Arizona; and there are no indications that California would be less favorable to Defendant. Although Arizona may have been a convenient forum in 2007 when Mrs. King was in ill health and resided here, seven years have passed, Mrs. King has unfortunately passed away, and Plaintiff is now responsible for directing this case. The Court concludes that the Central District of California is an appropriate forum and will grant the motion to transfer.

**IT IS ORDERED**:

1. Plaintiff's motion to transfer (Doc. 31) is **granted**.

2. Defendant's motion to strike (Doc. 35) is **denied as moot**.[2]

2. The Clerk shall **transfer** this case to the Central District of California.

Dated this 16th day of June, 2014.

_____
David G. Campbell
United States District Judge

---

[2] Defendant also filed a motion to strike a declaration of Plaintiff's counsel attached to Plaintiff's reply. Doc. 35. The declaration contained no relevant information and was not considered by the Court in reaching its decision.